IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00292-LTB-MJW

JAIME MEDINA, JENNIFER WOODS, and TONI YANCHAR,

Plaintiffs,

v.

RAPTOR ENTERPRISES, INC. d/b/a JOHN ROBERT POWERS OF COLORADO, INC., and
SUSAN SISITKI, individually and as personal representative of the Estate of Richard Sisitki,

Defendants.

_____

ORDER
_____

The plaintiffs have stated claims for sexual discrimination and harassment under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and for age

discrimination under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621.  They

have named the defendant Susan Sisitki individually and as representative of her late husband's

estate on the theory that their former employer, the defendant Raptor Enterprises, Inc. d/b/a John

Robert Powers of Colorado, Inc. ("Raptor"), was an alter-ego for Mr. and Mrs. Sisitki, its only

shareholders.  Their complaint includes additional allegations – Raptor co-mingled assets with the

Sisitkis and acted only to further the Sisitkis' personal objectives, the Sisitkis alone controlled

Raptor – that put Ms. Sisitki on notice of their theory.  *Geringer v. Wildhorn Ranch, Inc.*, 706 F.

Supp. 1442, 1447 (D. Colo. 1988).

Ms. Sisitki, who moves for dismissal of the claims against her, first argues that corporate-

veil piercing constitutes a remedy rather than a claim.  The question, however, is not whether the

alter-ego theory constitutes a distinct claim – it does not – but rather whether Ms. Sisitki and her

husband's estate can be personally liable on the Title VII and ADEA claims that the plaintiffs have

stated.  At this stage, I am obliged to take the allegations of the complaint as true, and so allow

the claims to proceed against Ms. Sisitki.

Ms. Sisitki next argues that the plaintiffs have failed to allege that recognition of the

corporate form in this case would defeat public convenience.  However, that is the gravamen of

the plaintiffs' allegations, which taken together support the inference that adherence to the

corporate fiction would promote injustice, protect fraud, or defeat a legitimate claim.  *LaFond v.*

*Basham*, 683 P.2d 367, 369 (Colo. App. 1984).

Accordingly it is ORDERED that Ms. Sisitki's motion to dismiss is DENIED.

Dated: September  7  , 2006, in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge