IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00292-LTB-MJW

**JAMIE MEDINA, JENNIFER WOODS and TONI YANCHAR,**

Plaintiffs,

v.

**RAPTOR ENTERPRISES, INC. dba JOHN ROBERT POWERS OF COLORADO, a Colorado Corporation, SUSAN SISITKI, individually, and as personal representative of the Estate of Richard Sisitki,**

Defendants.

## PROTECTIVE ORDER

The parties in this case hereby stipulate and agree through their undersigned counsel of record as follows:

1. <u>Use of Information Obtained During Litigation</u>. All information and documents produced, obtained and/or exchanged in the course of this lawsuit shall be used by the party to whom such documents are produced, obtained and/or exchanged solely for the purpose of this lawsuit and for no other purpose whatsoever, unless the parties otherwise agree in a writing signed by both parties, or unless by Court order. This Protective Order applies only to information exclusively produced, obtained, and/or exchanged in the course of this lawsuit and shall not apply to information also obtained from other sources.

2. <u>Notice, Discussion, and Relief from the Protective Order</u>. A party may object to information being deemed confidential pursuant to paragraphs 1 or 3 of this Protective Order by giving written notice to the party producing or disclosing the information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is sent, it shall be the obligation of the party claiming the information to be confidential to file an appropriate motion within such fifteen-day (15) period requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

3.  **Prohibited Disclosure.** Any information or documents obtained during discovery, whether by deposition testimony, deposition exhibits, interrogatories, document requests, or otherwise, shall not be disclosed to anyone in competition with Raptor Enterprises, Inc., dba John Robert Powers of Colorado, or any person, organization, or entity affiliated with a competitor of John Robert Powers of Colorado, or in any way engaged in the same or similar business as that engaged in by the Defendant Raptor Enterprises, Inc. This provision is expressly intended to prohibit the individual named Plaintiffs, Jamie Medina, Jennifer Woods, and Toni Yanchar, from disclosing such competitive information or proprietary information to David Voogd or any business or entity which David Voogd is associated with, either directly or indirectly.

3a. <u>Employee Social Security numbers.</u> Defendants are not required to disclose Social Security numbers, and may excise them from any documents produced.

4. <u>Conclusion of Litigation.</u> The provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order until Termination of this case. ~~At the conclusion of this litigation, including any appeals which may be filed, upon written request made by the producing~~ party, the following steps shall be taken. Within a reasonable time, counsel for each party that has received confidential information pursuant to this Protective Order shall either assemble and return to the disclosing party such information or shall certify to the disclosing party that such information has been destroyed.

5. <u>Modification of Order.</u> Either party may at any time and for any good faith reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED: October 23, 2006.

BY THE COURT:

/s/ Michael J. Watanabe

~~United States District Court Magistrate Judge~~

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**