IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00292-LTB-MJW

JAIME MEDINA, JENNIFER WOODS, and TONI YANCHAR,

Plaintiffs,

v.

RAPTOR ENTERPRISES, INC. d/b/a JOHN ROBERT POWERS OF COLORADO, INC., and SUSAN SISITKI, individually and as personal representative of the Estate of Richard Sisitki,

Defendants.

_____

ORDER
_____

The defendants, Susan Sisitki individually and as representative of her late husband's estate, and Raptor Enterprises, Inc. d/b/a John Robert Powers of Colorado, Inc., move pursuant to Fed. R. Civ. P. 42(b) to bifurcate the plaintiffs' claims for sexual discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and age discrimination under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, from their claim to pierce Raptor's corporate veil.  The plaintiffs in their response brief assent, conditioned upon prompt trial of the veil-piercing issue after any success at the initial trial against Raptor.  The defendants by reply agree to this arrangement.

I note that the defendants' motion contains no indication that their counsel conferred with plaintiffs' counsel, as D.C. Colo. L. Civ. R. 7.1.A requires.  Indeed, the plaintiffs' counsel represents that defendants' counsel did not comply with the rule.  As a result of this dereliction, the parties negotiated the terms of bifurcation in public filings, while a simple phone call would

have sufficed. Conference here would have served a central purpose of the rule: to conserve resources.

Accordingly, the motion to bifurcate is GRANTED and the issues of liability and damages will be tried separately from the question who is liable.

Dated: April  10 , 2007 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge